IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BLAISE MILLIGAN AND<br>SELENA BECKWITH | Criminal No. 2:24-cr-240<br><br>[UNDER SEAL]<br><br>**FILED**<br>OCT 30 2024<br>CLERK U.S. DISTRICT COURT<br>WEST DIST OF PENNSYLVANIA |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Benjamin C. Dobkin, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a two-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| ONE | Conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, and a quantity of cocaine base (crack).<br><br>In or around January 12, 2023, and continuing thereafter to in and around December 20, 2023. | 21 U.S.C. § 846 | BLAISE MILLIGAN, SELENA BECKWITH |
| TWO | Possession with intent to distribute 500 grams or more of cocaine, and a quantity of cocaine base (crack).<br><br>On or about December 20, 2023 | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C) | BLAISE MILLIGAN, SELENA BECKWITH |

## II. ELEMENTS OF THE OFFENSES

A.   **As to Count 1:**

In order for the crime of Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to distribute or possess with the intent to distribute a controlled substance.

2. That the defendants were parties to, or members of, that agreement;

3. That the defendants joined the agreement or conspiracy knowing of its objective to possess with intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is that the defendants shared a unity of purpose and the intent to achieve that objective;

4. That cocaine and/or cocaine base are Schedule II controlled substances, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4); and

5. That the amount of cocaine attributable to the defendants as a result of his/her own conduct and the conduct of conspirators reasonably foreseeable to him/her was 500 grams or more. 21 U.S.C. § 841(b)(1). (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B.     As to Count 2:**

In order for the crime of Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date(s) set forth, the defendants possessed with intent to distribute a controlled substance charged in the Indictment;

2. That the defendants did so knowingly or intentionally;

3. That cocaine and/or cocaine base (in the form commonly known as crack) are Schedule II controlled substances pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4); and

4. That the mixture or substance containing a detectable amount of cocaine was 500 grams or more (21 U.S.C. § 841(b)(1)(B)(ii)).

Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

**A.     As to each of Counts 1 and 2: Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of cocaine (21 U.S.C. § 846); and Possession with Intent to Distribute 500 grams or more of cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years;

2. A fine not to exceed $5,000,000;

3. A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or serious violent felony that is final:

1. A term of imprisonment of not less than ten (10) years to a maximum of life;

2. A fine not to exceed $8,000,000; and

3. A term of supervised release of at least eight (8) years.

**B.     As to each of Counts 1 and 2: Conspiracy to Distribute and Possess with Intent to Distribute a quantity of cocaine base (crack) (21 U.S.C. § 846); and Possession with Intent to Distribute a quantity of cocaine base (crack) (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1. A term of imprisonment of not more than twenty (20) years;

2. A fine not to exceed $1,000,000; and

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years;

2. A fine not to exceed $2,000,000; and

3. A term of supervised release of at least six (6) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*/s/ Benjamin C. Dobkin*
BENJAMIN C. DOBKIN
Assistant U.S. Attorney
WV ID No. 13392